Respondent, pursuant to section 580.5 of the Rules of Procedure of the Court on the Judiciary (22 NYCRR 580.5), moves for an order dismissing the charges served upon respondent on a number of grounds:
That a number of charges against him are based on conjecture only and fail to allege actionable misconduct; that the provisions of the Rules Governing Judicial Conduct upon which the charges are based are so vague, uncertain and ambiguous as to provide no guide to a judicial officer; that respondent in the exercise of his judicial office may not be subject of a proceeding initiated by the State Commission on Judicial Conduct; that the conduct of members of the Court on the Judiciary is also subject to investigation by the State Commission on Judicial Conduct which preferred the charges herein against respondent and any hearing and determination had will therefore violate the constitutional rights of respondent to a fair and impartial trial; that the acts upon which certain of the charges are based are alleged to have occurred prior to the effective date of the rules adopted by the commission; that certain of the charges were not included in the written report of the State Commission on Judicial Conduct to the Chief Judge of the Court of Appeals and so may not be included, under section 43 of the Judiciary Law, in the *1053 charges now filed against respondent; that the State Commission on Judicial Conduct and other administrative agencies did not inform respondent of the guidelines and standards, rules and regulations governing the conduct alleged in the charges.
Respondent also moves for an order designating venue in the County of Ulster so as to serve the convenience of witnesses who may be called in his behalf.
We find each and every claim made by respondent to be without merit. The charges do allege actionable misconduct on the part of respondent. He is charged with seeking special consideration on behalf of defendants in other courts and with being influenced by requests for special consideration on behalf of defendants in his court.
The gravamen of the charges as asserted by counsel to the court is special treatment and favoritism in the disposition of cases (see Matter of Bolte, 97 App Div 551). The charges set forth clear factual allegations of favoritism and are sufficient to warrant the determination of the issue by the court.
The fact that respondent is a Justice of a court established by . the New York State Constitution does not preclude the filing of charges against him alleging actionable misconduct.
The charges do not relate to the authority of justice courts but to the conduct of the individual Justice named herein as respondent. The New York State Constitution empowers the commission to investigate alleged misconduct and for the Court on the Judiciary to bring charges where appropriate. Nor is there any basis for respondent’s claim that he cannot receive a fair trial before the Court on the Judiciary because the members are Judges who are themselves subject to investigation by the commission. It is obvious that to adopt respondent’s argument would immunize all New York State Judges from discipline because there would exist no judicial forum which could hear charges against them.
Respondent’s contention that he was unaware of the standards governing judicial conduct because they are not published must fall. The Administrative Board Rules are published in the Official Compilation of Codes, Rules and Regulations of the State of New York (22NYCRR Part 33; see McKinney’s Cons Laws of NY, Book 29, Judiciary Law, p 517 et seq.). The fact that certain charges filed against respondent *1054 by this court exceed those included in the commission’s report to the Chief Judge of the Court of Appeals does not warrant a dismissal of such charges. (See order dated Dec. 14, 1977, giving this court broad authority to "hear and determine charges” against respondent.)
The court notes the willingness of the counsel to the court to amend certain of the charges.
The motion for a change of venue is denied. This court will designate a place for trial convenient for the interests of all parties in this litigation.
This memorandum decision constitutes the order of this court.
Presiding Officer Birns and Judges Suozzi, Cohalan, Jr., Moule and Cardamons concur.
Dated: April 18, 1978
Harold Birns (Signed) Harold Birns
Presiding Officer, Court on the Judiciary
Hyman W. Gamso (Signed) Clerk of the Court on the Judiciary